UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND



TRISTAN WHITE

    Plaintiff,

V.　　　　　　　　　　　　　　　　　CIVIL ACTION NO

**AW12CV0923**

REGIONAL ADJUSTMENT BUREAU, INC.

Defendant.　　　　　　　　　　　　　MARCH 23, 2012

  1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; Md. Ann. Code <u>Commercial Law</u> Maryland Consumer Debt Collection Act. § 14-204 et seq. ("MCDCA"); and the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-301 et seq.

  2. The Court's jurisdiction is conferred by 15 U.S.C.1692k and 28 U.S.C. 1331 and 1367.

  3. Plaintiff is a natural person who resides in Bethesda, MD.

  4. Plaintiff is a consumer within the FDCPA.

  5. Defendant is a debt collector within the FDCPA.

  6. Defendant is a collector within the MCDCA.

  7. Defendant is a collection agency engaged in the business of collecting debts in the State of Maryland with a principal place of business located at 7000

GOODLETT FARMS PARKWAY, CORDOVA, TN 38016.

8. Defendant and is authorized to do business in Maryland. The principal purpose of Defendant business is the collection of debts and Defendant regularly attempts to collect debts alleged to be due another.

9. Defendant communicated with Plaintiff one year before the date of this action, in connection with collection efforts with regard to Plaintiff's disputed personal debt.

10. The Plaintiff received a collection letter from the Defendant attempting to collect a consumer debt that was for personal, family or household use, specifically a student loan.

11. Defendant initially communicated with plaintiff by letter dated December 9, 2011 in connection with collection efforts with regard to plaintiff's disputed personal debt. *See Exhibit No. "1."*

12. In the collection efforts, the Defendant violated the FDCPA, § 1692e by misrepresenting the plaintiff's right to dispute a debt.

13. The Fair Debt Collection Practices Act §1692g (3) requires and refers to the (30) day period beginning, one day after the consumer debtors receipt of the collection letter. See 1692g (3) "a statement that unless the consumer, within

thirty days **after receipt of the notice**, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

14. Defendant in its initial collection letter dated December 9, 2011 (Exhibit "1") advised the Plaintiff pursuant to §1692g (4) that "If you notify this office in writing within 30 days from receiving this notice, this office will, obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification."

15. Defendant shortened the validation period and violated 1692g (4), which requires "a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector."

16. Defendant in its collection letter (Exhibit "1") advised the Plaintiff pursuant to §1692g (5) that "upon your written request within 30 days after receipt of this notice, this office will provide you with the name and address of the original creditor if that is different from the current creditor."

17. Defendant's §1692g (5) notice is correctly stated but inconsistent with the other provisions of §1692g and thus likely to confuse the least sophisticated consumer.

18. Plaintiff disputed this debt in writing as he did not believe he owed the claimed amount of $17,569.11.

19. Defendant validated this debt and mailed a itemization of the amount claimed owed, on February 21, 2012.

19. Defendant also attempted to collect a "collection fee" of $3,496.62 which is prohibited by §1692f (1). (See exhibit 2).

21. Defendant does not have procedures in place to avoid the above stated FDCPA violations.

22. In the collection efforts, the Defendant violated the FDCPA; inter alia, section 1692e, f and g.

## SECOND COUNT

23. The allegations of the First Count are repeated and realleged as if fully set forth herein.

24. Within three years prior to the date of this action, Defendant has committed unfair or deceptive acts or practices within the meaning of the Md. Ann. Code <u>Commercial Law</u> Maryland Consumer Debt Collection Act. § 14-204 et seq. ("MCDCA"); and the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-301 et seq., including but not limited to making false, deceptive and misleading

statements in violation of §1692e and shortening the dispute period in violation of §1692g.

WHEREFORE Plaintiff respectfully requests this Court to:

1. Award Plaintiff statutory damages pursuant to the FDCPA.

2. Award Plaintiff statutory damages pursuant to MCDCA

3. Award Plaintiff costs of suit and a reasonable attorney's fee.

4. Award such other and further relief as this Court may see fit.

THE PLAINTIFF
BY/S/Bernard T. Kennedy
Bernard T. Kennedy, Esquire
The Kennedy Law Firm
P.O. Box 657
Edgewater, MD 21037
Ph  (443) 607-8901
Fax (443) 607-8903
Fed. Bar # Md26843
bernardtkennedy@yahoo.com